**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON**

**JAZZMYN LITZY,**

    **Movant,**

v.                                                **Case No. 3:17-cv-02035**
                                                         **Case No. 3:15-cr-00021**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 40). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**PROCEDURAL HISTORY**

On February 3, 2015, a federal grand jury in Huntington, West Virginia, returned a seven-count indictment charging Jazzmyn Litzy (hereinafter "Defendant") with the following offenses: two counts of distribution of cocaine base (Counts One and Two); two counts of possession with intent to distribute cocaine base and heroin (Counts Three and Four); one count of being a felon in possession of a firearm (Count Five); one count of possession of a firearm in furtherance of a drug trafficking crime (Count Six); and one count of possession of a firearm with an obliterated serial number (Count Seven). (ECF No. 1). On June 22, 2015, Defendant pled guilty, pursuant to a written plea agreement,

to one count of possession with intent to distribute a quantity of heroin, as set forth in Count Four of the indictment.  (ECF Nos. 31 and 32).  In her plea agreement, Defendant waived her right to appeal or collaterally attack her conviction and sentence, unless based upon a claim of ineffective assistance of counsel, or if the sentence exceeded the sentencing range corresponding to offense level 32 of the United States Sentencing Guidelines ("USSG").  (ECF No. 32, ¶ 11).

Defendant's sentencing hearing was held on September 21, 2015.  Her Presentence Investigation Report ("PSR") calculated her base offense level at level 28, based upon a drug quantity with a marijuana equivalency of at least 700 kilograms and less than 1,000 kilograms.  A two-level enhancement was added for possession of a firearm during a drug trafficking crime, pursuant to USSG § 2D1.1(b)(1), and another two-level enhancement was added for maintaining a premises for the purpose of distributing or manufacturing a controlled substance, pursuant to USSG § 2D1.1(b)(12), resulting in a total adjusted offense level of 32.

The PSR also applied an enhancement under USSG § 4B1.1 for being a career offender, based upon two of Defendant's prior convictions, which were determined by the probation officer to be a controlled substance offense and a crime of violence, as those terms are defined in USSG § 4B1.2.  However, among other objections, Defendant's counsel objected to the career offender enhancement. At the sentencing hearing, the District Court found that Defendants' prior Ohio robbery conviction was not a crime of violence, sustained Defendant's objection, and declined to apply the career offender enhancement.[1]  Defendant's other objections were overruled.

---

[1] A Memorandum Opinion and Order concerning that decision was filed on October 8, 2015.  (ECF No. 38).

Accordingly, the District Court determined that the Defendant's total offense level was 29, after a reduction for acceptance of responsibility, and, with a criminal history category of III, Defendant's applicable guideline range was 108-135 months. Defendant was sentenced at the low end of the guideline range to 108 months in prison, followed by a three-year term of supervised release. (ECF No. 35). Defendant's Judgment was entered on September 22, 2015. (*Id.*) Defendant did not appeal her Judgment to the United States Court of Appeals for the Fourth Circuit. Thus, her Judgment became final on or about October 6, 2015, 14 days after its entry. *See* Fed. R. App. P. 4(b)(A)(i).

Defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 40) on March 27, 2017. Defendant's motion contains three grounds for relief. First, she contends that the district court incorrectly calculated her sentence using the wrong guideline range.[2] (ECF No. 40 at 4). Second, she alleges that she was denied due process of law based upon erroneous advice to enter a guilty plea because she was sentenced "outside of the guidelines, without a notice of an upward application[.]" (*Id.* at 5). Finally, she alleges that her court-appointed counsel provided ineffective assistance by failing to appeal the sentence, thus foreclosing review of any defaulted issues. (*Id.* at 6).

On October 26, 2017, the United States filed a Response to Defendant's section 2255 motion (ECF No. 45), as ordered by the undersigned. The Response contends that Defendant's section 2255 motion should be dismissed because it was untimely filed, makes challenges that were waived by her plea agreement and are procedurally defaulted,

---

[2] Defendant appears to contend that the District Court departed upward from the applicable guideline range, which is inaccurate. The undersigned notes that, in Ground One of the section 2255 motion, Defendant leaves blank the drug quantity, offense level, and guideline range she contends she should have been sentenced under. Thus, the court is left to speculate concerning the true basis of her claim.

3

and further fails to establish that her court-appointed counsel provided ineffective assistance at any stage of her criminal proceedings. (*Id.*) Defendant's reply was due on December 11, 2017, but she did not file any reply. This matter is ripe for adjudication.[3]

## ANALYSIS

### A. Defendant's motion is untimely.

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant's motion is subject to this limitation.

As noted above, Defendant's Judgment became final on or about October 6, 2015. Defendant did not file the instant section 2255 motion until March 27, 2017, more than one year after her judgment became final. Thus, as asserted by the United States, the defendant's section 2255 motion was untimely filed under 28 U.S.C. § 2255(f)(1). Moreover, Defendant has not alleged or demonstrated that one of the other subsections of section 2255(f) should be applied to her case. Thus, her motion must be dismissed as untimely filed.

---

[3] The undersigned notes that Defendant subsequently filed several Motions for Modification or Reduction of Sentence under 18 U.S.C. § 3582(c), which are not referred to the undersigned and have been or will be separately addressed from this section 2255 motion by the presiding District Judge.

4

### B. Defendant has waived the claims concerning the validity of her sentence.

The United States further asserts that Defendant's motion must be dismissed because Defendant's claims concerning the correctness of her guideline level and validity of her sentence are barred by the waiver provision of her plea agreement and her failure to raise such claims in a direct appeal. Specifically, paragraph 11 on pages 5-6 of the plea agreement provided as follows:

> 11. **WAIVER OF APPEAL AND COLLATERAL ATTACK**. Ms. Litzy knowing and voluntarily waives the right to seek appellate review of her conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine or term of supervised release is below or within the Sentencing Guideline range corresponding to offense level 32 . . . .
>
> Ms. Litzy also knowingly and voluntarily waives the right to challenge her guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.
>
> The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

(ECF No. 32 at 5-6, ¶ 11). The plea agreement included the following acknowledgement:

> I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 9-page [sic] agreement that I have read and carefully discussed every part of it with my attorney, and that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

(*Id.* at 8). Defendant further confirmed her understanding of and acceded to the provisions of the plea agreement at the plea hearing. (ECF No. 28).[4]

Defendant has not alleged that her guilty plea was not knowingly and voluntarily entered. Thus, the plaintiff should be held to the statements made during her plea colloquy that she understood these provisions of her plea agreement and the effects thereof. "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney Gen.*, 956 F.2d 1290, 1299 (4th Cir. 1992); *see also Beck v. Angelone*, 261 F.3d 377, 396 (4th Cir. 2001) ("absent clear and convincing evidence to the contrary," defendant is bound by statements made under oath at Rule 11 hearing).

The undersigned first proposes that the presiding District Judge **FIND** that Defendant's guilty plea was knowing and voluntary and that any allegations concerning receiving mis-advice during the plea stage of her criminal proceedings are directly contradicted by her sworn statements during the plea colloquy, including any statements acknowledging the waiver provision.

Thus, Defendant knowingly and voluntarily waived the right to file a direct appeal unless her sentence was based upon a guideline range greater than 32. Because her total guideline level was determined to be a 29, the waiver provision bars any appellate or collateral challenge to her sentence. Moreover, as addressed by the United States' undisputed response, because any such challenge should have been raised in a direct appeal, such claims are now procedurally defaulted, and Defendant has not demonstrated any cause and prejudice or fundamental miscarriage of justice to overcome such default.

---

[4] This citation is to the District Court's Order following Defendant's plea hearing. A transcript of the plea hearing has not been ordered or docketed.

*See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Bousley v. United States*, 523 U.S. 614, 622-23 (1998).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, even if Defendant could demonstrate that her section 2255 motion was timely filed, Grounds One and Two of her section 2255 motion concerning the alleged violation of her due process rights based upon an improper guideline sentence are waived by her plea agreement and are procedurally barred.

### C. Ineffective assistance of counsel.

Ground Three of Defendant's section 2255 motion asserts that her counsel, Lex A. Coleman, provided ineffective assistance in violation of her Sixth Amendment rights, by failing to file a direct appeal. Specifically, Ground Three states:

> Counsel's failure to appeal the conviction/sentence prejudiced the petitioner from raising alleged trial issues in future habeas corpus applications. As aforementioned, without any notification on an intention to upward depart, the sentence imposed was erroneous. It was counsel's responsibility to review said sentence, to insure [sic] that it was legal. Counsel is supposed to review the entire proceedings to remove any doubt of discrepancy. He chose not to, which exposed Ms. Litzy to a greater deprivation of liberty unjustifiably.

(ECF No. 40 at 6). As noted above, the waiver provision in Defendant's plea agreement excepted claims of ineffective assistance of counsel. Thus, if Defendant's motion were considered to be timely, this claim would be reviewable by this court.

The Supreme Court addressed the right to effective assistance of counsel as guaranteed by the Sixth Amendment in *Strickland v. Washington*, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. *Id.* at 687-91. There is a strong presumption that the conduct of counsel was in the wide

7

range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. *Id.* at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.* at 690. This inquiry is directed at whether defense counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "The question is whether counsel made errors so fundamental that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Id.* at 88.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. *Id.* at 697.

Here, Defendant claims that Mr. Coleman's failure to file a direct appeal on her behalf has prejudiced her ability to raise "alleged trial issues" in post-conviction proceedings. However, Defendant was sentenced below the offense level set forth in the waiver provision of the plea agreement and, thus, waived any challenge to her sentence. Beyond the claims concerning her allegedly illegal sentence raised in her section 2255

8

motion, which were clearly barred by the appellate waiver provision of her plea agreement, Defendant has not identified any other grounds that she would have sought to have reviewed on appeal (which would not be similarly barred). Thus, in light of the knowing and voluntary waiver provision, it was not unreasonable for Mr. Coleman not to seek an appeal to the Court of Appeals.

Consequently, Defendant has not established either that Mr. Coleman's conduct fell below an objective standard of reasonableness, or that she was unduly prejudiced thereby. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant has not established a violation of her Sixth Amendment rights due to Mr. Coleman's conduct in relation to Defendant's guilty plea, sentencing, or failure to file an appeal. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant is not entitled to any relief under section 2255 on this basis and that Ground Three of her section 2255 lacks merit.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 40) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of

objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

December 17, 2019

Dwane L. Tinsley
United States Magistrate Judge